UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------
CLEMENTE BECKFORD, RUTH BECKFORD,
and BENJAMIN BECKFORD,

                      Plaintiffs,  **COMPLAINT**

           -against-  JURY TRIAL DEMANDED

THE CITY OF NEW YORK,
P.O. WILBERT HERNANDEZ (TAX NO. 031811),
UNDERCOVER POLICE OFFICER SHIELD # 0000,
and UC # C 0048,

                      Defendants.
------------------------------------------------------------------------------------

Plaintiffs, CLEMENTE BECKFORD, RUTH BECKFORD, and BENJAMIN BECKFORD, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint, respectfully allege, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that a

1

substantial part of the events giving rise to the claim occurred in Bronx County, in the State of New York.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, CLEMENTE BECKFORD, is, and has been, at all relevant times, a resident of Bronx County in the City and State of New York.

7. Plaintiff, RUTH BECKFORD, is, and has been, at all relevant times, a resident of Bronx County in the City and State of New York.

8. Plaintiff, BENJAMIN BECKFORD, is, and has been, at all relevant times, a resident of Bronx County in the City and State of New York.

9. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

10. At all relevant times hereinafter mentioned, defendant, P.O. WILBERT HERNANDEZ (TAX NO. 031811), was an individual employed by the City of New York as a member of the NYPD. At all times hereinafter mentioned P.O. Hernandez was assigned to the Narcotics Borough Bronx of the NYPD. P.O. Hernandez is sued herein in his official and individual capacities.

At all relevant times hereinafter mentioned, defendant, UNDERCOVER POLICE OFFICER

SHIELD # 0000, was an individual employed by the City of New York as a member of the NYPD. At all times hereinafter mentioned UNDERCOVER POLICE OFFICER SHIELD # 0000, was assigned to the Narcotics Borough Bronx of the NYPD. UNDERCOVER POLICE OFFICER SHIELD # 0000 is sued herein in his official and individual capacities.

11. At all relevant times hereinafter mentioned, defendant, UC # C 0048, was an individual employed by the City of New York as a member of the NYPD. At all times hereinafter mentioned UC # C 0048 was assigned to the Narcotics Borough Bronx of the NYPD. UC # C 0048 is sued herein in his official and individual capacities.

12. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

15. On or about August 10, 2015, at approximately 5:00 p.m., Plaintiffs Clemente Beckford, Ruth Beckford, and Benjamin Beckford, were lawfully present in front of their home located at 4169 Boyd Avenue, in the County of Bronx, City and State of New York.

16. At this time, the defendants arrived at the location on duty and in plainclothes.

17. Without any justification or legal basis, the Defendants approached Plaintiff Clemente Beckford.

18. None of the Plaintiffs, including Clemente Beckford, were involved in any unlawful or suspicious activity.

19. Nonetheless, Plaintiff Clemente Beckford was placed in handcuffs and searched.

20. The search revealed no evidence of any guns, drugs or contraband.

21. Despite the absence of any evidence of wrongdoing or criminal activity on the part of Plaintiff Clemente Beckford, he was formally arrested by the Defendants.

22. At this time, Plaintiffs Ruth Beckford and Benjamin Beckford were present at the scene of this arrest.

23. Plaintiff Ruth Beckford asked the Defendants, in sum and substance, why Clemente was being arrested.

24. In response, the Defendants placed Ms. Beckford in handcuffs and arrested her.

25. In response to the arrest of Clemente Beckford, Plaintiff, Benjamin Beckford began recording the arrest on his cell phone.

26. In response, the Defendants placed Clemente Beckford in handcuffs and arrested him.

27. All three Plaintiffs were arrested without any probable cause or justification.

28. The Plaintiffs were not engaged in any violent or threatening behavior, and did not resist arrest.

29. All three Plaintiffs were placed in an NYPD vehicle and were transferred from that location to a stationhouse of local area precinct where they were held for several hours.

30. From the stationhouse, all three Plaintiffs were taken to Bronx County Central Booking.

31. The Plaintiffs were held for several hours at Bronx County Central Booking.

32. Plaintiff, Benajmin Beckford was eventually summarily released from Bronx County Central Booking without explanation and without being charged when the Bronx County District

Attorney declined to prosecute him.

33. Plaintiffs, Ruth Beckford and Clemente Beckford were eventually arraigned on criminal complaints containing false allegations sworn to by the Defendants.

34. Pursuant to these false allegations, Plaintiff Ruth Beckford was charged with Obstruction Governmental Administration.

35. Pursuant to these false allegations, Plaintiff Clemente Beckford was charged with Criminal Sale of a Controlled Substance in the Third Degree.

36. The charges for each Plaintiff were made on the basis of false allegations sworn to by the individual Defendants named herein.

37. The Defendants provided these false statements to the Bronx County District Attorney's Office knowing that there was no basis to support these allegations.

38. These and other allegations, information, and evidence, were false and the Defendants knew them to be false when he made them.

39. At Plaintiff Ruth Beckford's arraignment, she was released from custody but was forced to make several court appearances pursuant to the false allegations before his charges were dismissed.

40. At Plaintiff Clemente Beckford's arraignment, he was released from custody but was forced to make several court appearances pursuant to these false allegations before his charges were dismissed.

41. The decision to arrest each of the Plaintiffs was objectively unreasonable under the circumstances.

42. At no time did there exist sufficient cause to seize or arrest Plaintiffs, nor could the defendants have reasonably believed that such cause existed.

43. The factual allegations and testimony sworn to by the Defendants were materially false and deliberately made to justify the illegal arrest of Plaintiffs.

44. At no time did Defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against Plaintiffs.

45. The individual Defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

46. That at all times relevant herein, the Defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## **FIRST CAUSE OF ACTION**

47. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

48. At no time did Defendants have any legal basis for arresting or imprisoning Plaintiffs, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

49. Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

50. Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

51. Defendants did not make a complete and full statement of facts to the District Attorney.

52. Defendants withheld exculpatory evidence from the District Attorney.

53. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiffs.

54. Defendants lacked probable cause to initiate criminal proceedings against Plaintiffs.

55. Defendants acted with malice in initiating criminal proceedings against Plaintiffs.

56. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiffs.

57. Defendants lacked probable cause to continue criminal proceedings against Plaintiffs.

58. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiffs Ruth Beckford and Clemente Beckford.

59. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Plaintiffs' favor when the charges against them were dismissed.

60. By so doing, the individual defendants, individually and collectively, subjected each of the three Plaintiffs to false arrest and imprisonment, unlawful searches of person and property, fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

61. By so doing, the individual defendants, individually and collectively, subjected Plaintiffs Ruth Beckford and Clements Beckford to malicious prosecution and malicious use and abuse of process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

62. By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

63. Plaintiffs, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

64. The NYPD Defendants arrested, searched, and incarcerated plaintiffs Clemente Beckford, Ruth Beckford, and Benjamin Beckford, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety, and violate their constitutional rights.

65. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

66. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

67. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

68. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the

following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

69. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

70. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

72. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiffs were searched and placed under arrest unlawfully.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

74. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

75. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiffs respectfully request judgment against Defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
March 28, 2016

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiffs*

By: /S/
JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020